IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES FELIX GREGG, JR.,           )
                                  )
                 Petitioner,      )
                                  )        1:25CV333
        v.                        )        1:24CR203-1
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                 Respondent.      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Motion (Docket Entry 59) raising allegations of ineffective assistance of counsel in which he seeks to attack the conviction or sentence he received in this Court. The document he filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe the submission as such a motion. However, the Motion cannot be further processed for the following reasons:

1.      The Motion is not on the proper § 2255 form.

2.      Petitioner's direct appeal is currently pending in the United States Court of Appeals for the Fourth Circuit. While there may be no jurisdictional problem with a motion under § 2255 proceeding at the same time as a direct appeal, the Advisory Committee Note to Rule 5 of the Rules Governing Section 2255 Proceedings states that it is "inappropriate" to simultaneously maintain a direct appeal and a motion under § 2255. Where a prisoner files such a motion while a direct appeal is pending, the normal practice is to dismiss the § 2255 motion without prejudice to it being refiled once the direct appeal process has ended.

See, e.g., Capaldi v. Pontesso, 135 F.3d 1122 (6th Cir. 1998); United States v. Deeb, 944 F.2d 545 (9th Cir. 1991).

Because of these pleading failures, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present Motion after the conclusion of his direct appeal.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a claim under § 2255.

Petitioner also filed a Motion (Docket Entry 60) seeking discovery. Petitioner is not entitled to copies of the discovery materials provided by the Government to his attorney in his criminal proceeding. He may seek to conduct discovery in support of a § 2255 Motion,

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

2

but his right to do so is limited. Rule 6 of the Rules Governing Section 2254 and 2255 Proceedings authorizes discovery in post-conviction proceedings but not as a matter of course. This authorization is subject to the Court's discretion and only upon good cause shown. Bracy v. Gramley, 520 U.S. 899 (1997); Harris v. Nelson, 394 U.S. 286 (1969); Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). In addition, leave of court must be obtained prior to considering discovery and such requests may not be made *ex parte*. Id.

The standard for conducting discovery is as follows:

> Rule 6(a) of the Rules Governing Section 2255 Cases requires a habeas petitioner to show good cause before he is afforded an opportunity for discovery. A district court's decision on good cause is reviewed for an abuse of discretion. Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief.

Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998) (internal citations omitted) (citing Bracy and Harris).

Here, Petitioner does not set out any facts establishing good cause. In fact, he has not filed a proper § 2255 motion and does not explain why discovery is needed. Therefore, the Court will deny the request for discovery at this time. Petitioner may file a motion for discovery if he later raises his claims in a proper § 2255 motion after the conclusion of his direct appeal and can establish good cause for the discovery request.

IT IS THEREFORE ORDERED that Petitioner's Motion (Docket Entry 60) seeking discovery is denied and that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

3

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms after the conclusion of his direct appeal.

This, the <u>8th</u> day of May, 2025.

_____/s/  Joe L. Webster_____
United States Magistrate Judge
